IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40253-TLS |
| | ) | |
| MARK D. RICKERT and | ) | CH. 12 |
| JOAN RICKERT, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

This matter was presented to the Court on Debtors' Motion for Permanent Treatment of Claim Under 11 U.S.C. § 1222 (Fil. #77), and an Amended Objection by the United States of America/Internal Revenue Service (Fil. #79). Joe M. Hawbaker appeared for Debtors, and Henry N. Carriger, Special Assistant United States Attorney, appeared on behalf of the United States/IRS ("IRS"). A Stipulation of the parties as to material facts was introduced and made a part of the record (Fil. #85).

The issue in this case is whether 11 U.S.C. § 1222(a)(2)(A) authorizes Debtors to treat the federal income tax in the amount of $7,797.00 (plus accruing penalties and interest) resulting from the sale of breeding livestock and equipment as a general unsecured claim without priority under their Chapter 12 plan.

Debtors commenced this proceeding on March 13, 2006. Also in 2006, but prior to filing, Debtors sold breeding livestock and equipment used in their farming operation, resulting in a taxable gain of $88,511.00. According to a stipulation between Debtors and the IRS, the taxes on that gain amount to $7,797.00 plus accruing interest and penalties. Even though the sale took place pre-petition, the parties agree that the tax is a post-petition tax liability since the tax came due at the end of the 2006 tax year.

Debtors' Chapter 12 plan contained a provision to the effect that any claim currently owing or that becomes due and owing to the IRS arising out of the sale of assets used in Debtors' farming operation would be treated under 11 U.S.C. § 1222 as a general unsecured claim not entitled to priority provided Debtors receive a discharge. The IRS objected to that plan, and the parties entered into a Stipulated Order Confirming the Chapter 12 Plan (Fil. #54), under the terms of which Debtors removed the foregoing treatment for the IRS and replaced it with a clause reserving the right to later file a motion for modification of the plan to pursue treatment under 11 U.S.C. § 1222. The parties agreed to that language in order to allow time for the post-petition tax liabilities to be determined and to allow other cases dealing with this issue to work their way through the courts.

On April 21, 2008, Debtors filed their Motion for Permanent Treatment of Claim (Fil. #77). In essence, the motion is a motion to modify the Chapter 12 plan to include a provision that the post-petition capital gains taxes resulting from the pre-petition sale of livestock and equipment be treated as a general unsecured claim and be discharged provided Debtors receive a discharge.

The parties agree that the livestock and equipment sold by Debtors was "used in the debtor's farming operation" as stated in 11 U.S.C. § 1222(a)(2)(A) and that the taxes arising upon the sale in tax year 2006 are post-petition capital gains taxes. At the hearing, the attorney for the IRS agreed that this Court has already addressed the very issue involved in this case. *See In re Schilke,* 379 B.R. 899 (Bankr. D. Neb. 2007). In that opinion, this Court found that the post-petition taxes at issue (arising from the sale of farm assets used in debtor's farming operation) are the type of taxes subject to treatment under 11 U.S.C. § 1222(a)(2)(A) as unsecured claims not entitled to priority. The United States District Court for the District of Nebraska affirmed that decision upon appeal by the IRS. *United States v. Schilke (In re Schilke),* No. 4:07CV3283, 2008 WL 4224279 (D. Neb. Sep. 9, 2008).[1] The *Schilke* decision is consistent with decisions by District Courts in Iowa and Arizona. *In re Knudsen,* 389 B.R. 643 (N.D. Iowa 2008); *In re Hall,* 393 B.R. 857 (D. Ariz. 2008). There is no contrary authority at this time. Accordingly, since the IRS acknowledges that the specific issue presented has already been decided by this Court and affirmed by the United States District Court in the *Schilke* case, I will follow that precedent.

The parties also assert that this case presents the further issue of whether the method to allocate taxes should be the "proportional" method or the "marginal" method, both of which were discussed in *Knudsen*. I decline to address that issue since it is not the subject of a present controversy. Specifically, the Stipulation of Facts (Fil. #85) states: "The parties agree that the amount of postpetition gain taxes at issue is $7,797.00, plus accruing interest and penalties, for tax year 2006." That tax amount is derived using the marginal method to allocate Debtors' tax liability, which is the method Debtors propose. Despite agreeing in the stipulation that the tax amount at issue is $7,797.00, the IRS advocates the use of the proportional method, which would apparently result in a lower tax amount ($7,128.00) under the circumstances of this case. If the IRS truly believes it is entitled to less, it can adjust its claim accordingly. In any event, the allocation method issue has been presented to the Eighth Circuit Court of Appeals in the appeal of the *Knudsen* decision and will be decided in due course. The parties have stipulated as to the amount in controversy and there is no compelling need to determine the allocation method in this case.

IT IS, THEREFORE, ORDERED that Debtors' Motion for Permanent Treatment of Claim Under 11 U.S.C. § 1222 (Fil. #77) shall be treated as a motion to amend the Chapter 12 plan, and is granted. The claims of the IRS and the Nebraska Department of Revenue arising out of the 2006 sale of livestock and equipment by Debtors shall be treated as unsecured claims without priority pursuant to 11 U.S.C. § 1222(a)(2)(A) provided Debtors receive a discharge herein.

DATED: December 29, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

---

[1] The United States has filed its notice of appeal from the United States District Court to the Eighth Circuit Court of Appeals.

Notice given by the Court to:
    *Joe M. Hawbaker
    Henry N. Carriger
    James A. Overcash
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.