IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40253-TLS |
| | ) | |
| MARK D. RICKERT and | ) | CH. 12 |
| JOAN RICKERT, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

This matter was presented to the Court on Debtors' Motion for Permanent Treatment of Claim Under 11 U.S.C. § 1222 (Fil. #77), and an Amended Objection by the United States of America/Internal Revenue Service (Fil. #79). Joe M. Hawbaker appeared for Debtors, and Henry N. Carriger, Special Assistant United States Attorney, appeared on behalf of the United States/IRS ("IRS"). A Stipulation of the parties as to material facts was introduced and made a part of the record (Fil. #85). As a result of a Joint Motion to Reconsider (Fil. #90), this Court has vacated its prior Order entered herein (Fil. #88), and now enters this Memorandum, which contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (O).

There are two issues presented:

1.    Whether 11 U.S.C. § 1222(a)(2)(A) authorizes Debtors to treat the federal income tax resulting from the sale of equipment and breeding livestock in 2006 as a general unsecured claim without priority under their Chapter 12 plan; and

2.    If the answer to issue No. 1 above is "yes," should the "marginal method" or the "proportional method" as discussed in *In re Knudsen,* 389 B.R. 643 (N.D. Iowa 2008) (appeal pending) be used?

Debtors commenced this proceeding on March 13, 2006. Also in 2006, but prior to filing, Debtors sold breeding livestock and equipment used in their farming operation, resulting in a taxable gain of $88,511.00. Even though the sale took place pre-petition, the parties agree that the tax resulting from the sale is a post-petition tax liability since the tax came due at the end of the 2006 tax year. As part of their motion to reconsider, the parties have stipulated that: (i) the amount of Debtors' post-petition liability for tax year 2006 at issue is $7,797.00 plus accruing interest and penalties; (ii) if the marginal method of allocation is used, the amount of Debtors' federal tax liability that is subject to treatment under 11 U.S.C. § 1222(a)(2)(A) is $7,797.00; and (iii) if the proportional method of allocation is used, the amount of Debtors' federal tax liability that is subject to treatment under 11 U.S.C. § 1222(a)(2)(A) is $7,128.00.

Debtors' Chapter 12 plan contained a provision to the effect that any claim currently owing or that becomes due and owing to the IRS arising out of the sale of assets used in Debtors' farming operation would be treated under 11 U.S.C. § 1222 as a general unsecured claim not entitled to

priority provided Debtors receive a discharge. The IRS objected to that plan, and the parties entered into a Stipulated Order Confirming the Chapter 12 Plan (Fil. #54), under the terms of which Debtors removed the foregoing treatment for the IRS and replaced it with a clause reserving the right to later file a motion for modification of the plan to pursue treatment under 11 U.S.C. § 1222. The parties agreed to that language in order to allow time for the post-petition tax liabilities to be determined and to allow other cases dealing with this issue to work their way through the courts.

On April 21, 2008, Debtors filed their Motion for Permanent Treatment of Claim (Fil. #77). In essence, the motion is a motion to modify the Chapter 12 plan to include a provision that the post-petition capital gains taxes resulting from the pre-petition sale of livestock and equipment be treated as a general unsecured claim and be discharged provided Debtors receive a discharge.

The parties agree that the livestock and equipment sold by Debtors was "used in the debtor's farming operation" as stated in 11 U.S.C. § 1222(a)(2)(A) and that the taxes arising upon the sale in tax year 2006 are post-petition capital gains taxes. At the hearing, the attorney for the IRS agreed that this Court has already addressed the very issue involved in this case. *See In re Schilke,* 379 B.R. 899 (Bankr. D. Neb. 2007). In that opinion, this Court found that the post-petition taxes at issue (arising from the sale of farm assets used in debtor's farming operation) are the type of taxes subject to treatment under 11 U.S.C. § 1222(a)(2)(A) as unsecured claims not entitled to priority. The United States District Court for the District of Nebraska affirmed that decision upon appeal by the IRS. *United States v. Schilke (In re Schilke),* Case No. 4:07CV3283, 2008 WL 4224279 (D. Neb. Sep. 9, 2008).[1] The *Schilke* decision is consistent with decisions by District Courts in Iowa and Arizona. *In re Knudsen,* 389 B.R. 643 (N.D. Iowa 2008); *Hall v. United States (In re Hall),* 393 B.R. 857 (D. Ariz. 2008). There is no contrary authority at this time. Accordingly, since the IRS acknowledges that the specific issue presented has already been decided by this Court and affirmed by the United States District Court in the *Schilke* case, I will follow that precedent.

The parties also assert that this case presents the further issue of whether the method to allocate taxes should be the "proportional" method or the "marginal" method, both of which were discussed by the United States District Court for the Northern District of Iowa in *Knudsen*. Section 1222(a)(2)(A) is silent as to the proper allocation of taxes entitled to priority and non-priority treatment. The proportional method advocated by the IRS recognizes all income, deductions, exemptions, and credits in arriving at a tax. The tax is allocated according to the percentage of each type of income. Debtors advocate for use of the marginal method approved by the district court in *Knudsen*. The marginal method requires calculation of a return for all income, and then a second "pro forma" tax return removing all qualifying sales income so that non-qualifying income would be taxed at lower marginal tax rates, resulting in a lower tax for income not entitled to beneficial treatment. The marginal method effectively allocates the highest marginal tax rate to the taxes that qualify for treatment under § 1222(a)(2)(A).

---

[1] The United States has filed its notice of appeal from the United States District Court to the Eighth Circuit Court of Appeals.

The district court in *Knudsen* provided an extensive analysis of the arguments with respect to both methods and concluded that the marginal method should be used. *Knudsen,* 389 B.R. at 665-69. The district court found that maximizing the percentage of the taxes to which the beneficial (unsecured) treatment will apply best serves bankruptcy policies and the purposes of § 1222(a)(2)(A). *Id.* at 668-69. I respectfully disagree.

Section 1222(a)(2)(A) provides a Chapter 12 debtor with the ability to treat certain types of governmental claims as unsecured claims rather than priority claims. It does not provide that courts should maximize the taxes to which that beneficial treatment applies by creating a fiction that the income from the qualifying transactions were the "last dollars in" and, therefore, subject to the highest marginal tax rate. Instead, as the bankruptcy court in *Knudsen* found, 356 B.R. at 487, and as the IRS advocates, the proportional method divides the actual tax without regard to which income sources produced the last dollar of income. It reduces the complications inherent in the marginal method as a result of the progressive marginal tax rates under the Internal Revenue Code and provides the simplest and most fair method for prorating the taxes since it treats every taxable dollar of income as equal to the extent that the Internal Revenue Code does so.

Accordingly, I agree with the IRS that the proportional method for allocation of taxes is the correct method, and that $7,128.00 of Debtors' post-petition tax liability of $7,797.00 shall constitute taxes entitled to beneficial treatment under 11 U.S.C. § 1222(a)(2)(A). An order to this effect will be entered separately.

DATED: January 9, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
 *Joe M. Hawbaker
 Henry N. Carriger
 James A. Overcash
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.